IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| **CLAYTON HASKELL,** | } |
| Plaintiff, | } |
| vs. | } Civil Action No.: 3:21-cv-05067-MDH |
| **PACCAR, INC., et al.,** | } |
| Defendants. | } |

## ORDER

Before the Court is Defendant Bendix Commercial Vehicle Systems LLC's ("Bendix") partial Motion to Dismiss and Motion to Strike. (Doc. 24). Plaintiff did not respond to the Motion. For the reasons set forth herein, the Motion to Dismiss is **GRANTED**. Counts V, VI, and VII of Plaintiff's Amended Complaint ("Complaint") (Doc. 8) are hereby dismissed with prejudice as to Defendant Bendix. The Motion to Strike is moot.

## BACKGROUND

Plaintiff is a resident, and, at all times relevant to this matter, he was employed "as an over-the-road truck driver" for CFI, Inc. ("CFI"), which is a North American trucking and shipping company with ten locations throughout the United States, including one in Joplin, Missouri. Defendant PACCAR is a Delaware company with a principal place of business in Washington. PACCAR designs, manufactures, and sells commercial trucks, and one of its divisions is Kenworth Truck Company. Plaintiff further alleges that either Defendant WABCO or Defendant Bendix designed, manufactured, and distributed the collision mitigation system, ("CMS"), installed on the Truck.

With respect to the events causing Plaintiff's claimed injuries, Plaintiff alleges that on August 17, 2019:

> Plaintiff was operating the Truck when the CMS activated when there were no other vehicles nearby and there was no safety-based reason or cause for the deceleration. The activation caused an unexpected, sudden, and violent deceleration from highway speed..

As a result of this incident, Plaintiff allegedly sustained "whiplash" and other injuries.

Plaintiff brings strict liability defective manufacture and/or design claims against Bendix in Count IV; strict liability failure to warn against Bendix in Count V; and negligent manufacture and/or design and failure to warn against Bendix in Count VI. Plaintiff brings a res ipsa loquitur claim against all defendants in Count VII. Bendix moves the Court to dismiss Counts V, VI, and VII as they apply to Bendix. Bendix additionally moves the Court to strike paragraph 28 of Plaintiff's Complaint.

## STANDARD

Under Rule 12(b)(6), a court can dismiss a cause of action for a failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "In order to meet the [Rule 8(a)] standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face.'" *Pumphrey v. Frontera Produce Ltd.*, 2014 WL 12607824, at *1 (W.D. Mo. July 3, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a 12(b)(6) motion to dismiss, the court treats all well-pleaded facts as true. *Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017). A cause of action will, however, have "facial plausibility" only "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged.'" *Sampson v. Burlington N. Santa Fe Ry. Co.*, 2018 WL 10322115, at *1 (W.D. Mo. Apr. 12, 2018) (quoting *Iqbal*, 556

U.S. at 678). Therefore, a plaintiff is obligated to provide the grounds of his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Under Rule 12(f), a Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While motions to strike are generally disfavored, a claim for relief that is not available under the applicable law or a prayer for relief asserting a damage claim in excess of the maximum recovery are properly subject to a motion to strike. *Johnson v. Metro. Sewer Dist.*, 926 F. Supp. 874, 875 (E.D. Mo. 1996); *see also Hackethal v. Harbor Freight Tools USA, Inc.*, 2016 WL 695615, at *1 (E.D. Mo. Feb. 22, 2016).

**DISCUSSION**

A. **Counts V and VI**

Plaintiff asserts a strict liability failure to warn claim against Bendix in Count V and a negligent manufacture and/or design and failure to warn claim in Count VI. Whether brought as a negligence or strict liability claim, to state a cognizable claim for failure to warn, "[t]he lack of a warning is what renders the product defective or unreasonably dangerous." *Sperry v. Bauermeister, Inc.*, 804 F. Supp. 1124, 1140 (E.D. Mo. 1992), *aff'd*, 4 F.3d 596 (8th Cir. 1993); *see also Belec v. Hayssen Mfg. Co.*, 105 F.3d 406, 409 (8th Cir. 1997) (applying Missouri law and explaining that for a failure to warn claim to succeed, a jury would have to find that "the failure to provide a warning made the product unsafe and therefore caused the accident"); *Prince v. Michelin N. Am., Inc.*, 2003 WL 1090158, at *4 (W.D. Mo. Jan. 29, 2003) (explaining that to maintain a cause of action for failure to warn, "the lack of said warning or warning system [must] render the tire at issue defective or unreasonably dangerous" and there must be evidence that the "inadequacy of

3

[the] warning caused the damage for which plaintiff seeks redress"). In other words, to have a viable failure to warn claim, the lack, or inadequacy, of a warning is what makes the product unreasonably dangerous and causes the accident. *Id.*

Here, Plaintiff's claims for failure to warn (both under a strict liability and a negligence theory) are contingent on the existence of a design or manufacturing defect. In this regard, Plaintiff contends that Bendix did not give an adequate warning regarding the defect in the collision mitigation system in the Truck. (*See* Doc. No. 105, Plt. 2d Am. Compl., ¶¶ 38, 42.) Therefore, Plaintiff contends that the defect in the collision mitigation system made the Truck unreasonably dangerous. Any alleged lack of warning in this case is not "what render[ed] the product defective or unreasonably dangerous." *Sperry*, 804 F. Supp. at 1140. As such, Plaintiff's claims based on an alleged failure to warn in Counts II and III are dismissed with prejudice for failure to state a claim under Rule 12(b)(6).

B. **Count VII**

Plaintiff asserts a claim against Bendix under the doctrine of res ipsa loquitor in Count VII of the Complaint. For a claim to be based on res ipsa loquitur, there must be three elements: (1) the incident normally does not occur without negligence; (2) the incident was caused by an instrumentality under the control of the defendant; and (3) the defendant has superior knowledge about the cause of the incident. *Weaks v. Rupp*, 966 S.W.2d 387, 393 (Mo. Ct. App. 1998). Without control, there is no application of res ipsa loquitur. *Weber v. McBride & Son Cont. Co.*, 182 S.W.3d 643, 655 (Mo. Ct. App. 2005).

In terms of the second element, Missouri law is clear that the defendant must have control of the instrumentality at the time of the injury. *Green v. The Plaza in Clayton Condo.*, 410 S.W.3d 272, 283 (Mo. Ct. App. 2013) (collecting cases and explaining that "[t]he elements of the *res ipsa*

4

Case 3:21-cv-05067-MDH   Document 50   Filed 12/01/21   Page 4 of 6

*loquitur* doctrine are well established in Missouri, and the second element requires control over the instrumentality that caused the injury at the time the injury occurred"). "Case law addressing the doctrine of *res ipsa loquitur* has firmly established that the time at which control over the instrumentality is dispositive is the time the injury occurred." *Id.*

In *Schmidt v. Hosley International, Inc.*, 2015 WL 4134338 (E.D. Mo. July 8, 2015), the court addressed a product liability lawsuit against a manufacturer. In addition to bringing product liability claims for strict liability and negligence, the plaintiff also asserted a negligence claim based on the doctrine of res ipsa loquitur. *Id.* at *1. The defendant brought a partial motion to dismiss this cause of action, and, relying on well-settled Missouri precedent, the Court granted the motion:

> In Count III of the complaint, plaintiff asserts that the doctrine of *res ipsa loquitur* applies in the instant case to place the burden on defendant to exculpate itself from negligence liability. "To make a submissible case of negligence under the *res ipsa loquitur* doctrine, the plaintiff must establish… (2) the incident was caused by an instrumentality under the defendant's control… [T]he second element requires control over the instrumentality that caused the injury at the time the injury occurred."
>
> Plaintiff's complaint fails to establish that the warmer and the oil were under defendant's control at the time of the fire. According to the complaint, the warmer and the oil were located in the decedent's home and were being used there when the oil spilled and caught fire.
>
> Because defendant was not in control of the warmer or the oil at the time the oil spilled and the fire occurred, the doctrine of *res ipsa loquitur* is inapplicable. Count III will be dismissed.

*Id.* at *1-2 (quoting *Green*, 410 S.W.3d at 282); *see also Lopez v. Accu-Screen, Inc.*, 2013 WL 12155464, at *2-3 (W.D. Mo. June 19, 2013) (granting a motion to dismiss a negligence claim based on the theory of *res ipsa loquitur* in a case involving an alleged tainted urine sample because the defendants could not have "exercised management and control over the urine sample for the

entire relevant period" and something unrelated to the defendants' carelessness "could have occurred during that time to cause a false positive").

It is undisputed that the Truck was owned by CFI and being operated by Plaintiff at the time of the alleged incidents. Therefore, Bendix did not have "control" of the Truck at the time of the incident, which renders the doctrine of res ipsa loquitur inapplicable as a matter of law. *See Weber*, 182 S.W.3d at 655. Accordingly, Count VII is dismissed with prejudice as to Bendix for failure to state a claim under Rule 12(b)(6).

### C. Motion to strike

Although not specifically referenced in his causes of action, Plaintiff's Complaint does include an allegation that the defendants failed to "take any action to recall the Truck." (Doc. 8 at ¶ 28). The Court has previously stricken this statement from Plaintiff's Amended Complaint (Doc.46) pursuant to Fed. R. Civ. P. 12(f). Therefore, Bendix's Motion to Strike is moot.

## CONCLUSION

For the foregoing reasons, Bendix's partial Motion to Dismiss and Motion to Strike (Doc. 24) is **GRANTED**. Counts V, VI, and VII of Plaintiff's Amended Complaint are dismissed with prejudice for failure to state a claim under Rule 12(b)(6). Bendix's Motion to Strike is moot.

**IT IS SO ORDERED.**

Dated: December 1, 2021  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**